UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES FINTA; DINA FINTA, | Case No. 3:26-cv-05054-TMC |
| Plaintiffs, | ORDER DENYING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| GOLDLINE BRANDS INC., | |
| Defendant. | |

## I.    INTRODUCTION

In this case, self-represented Plaintiffs James and Dina Finta allege that they were early investors in Defendant Goldline Brands, a California winery, and that Goldline breached its agreement to re-purchase their shares at a certain price when the company was not sold within five years of their investment. After Goldline failed to appear or otherwise respond to their complaint, the clerk of court entered default, and the Fintas now move for default judgment. Because the complaint does not provide sufficient factual allegations to establish the Court's personal jurisdiction over Goldline, the motion for default judgment is DENIED without prejudice. Plaintiffs may re-submit their motion no later than July 13, 2026, accompanied by additional facts to establish that Goldline has sufficient minimum contacts with Washington state for the Court to have personal jurisdiction. *See In re Tuli*, 172 F.3d 707, 712–13 (9th Cir. 1999).

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 1

## II.    BACKGROUND

The Fintas allege that in 2016, they invested $10,000 in Goldline Brands, Inc. as "Friends & Family" investors. Dkt. 1 at 2. The term sheet provided that "if no qualifying exit event occurred within five years, the Company was required to offer investors the option to have all or part of their Preferred Stock repurchased" over a 24-month period at 5 times the original investment value. *Id.*; *see also* Dkt. 13-2 at 2 (term sheet). Preferred Stock investors also received "1 share free for every 2 shares purchased . . . . For example, an investment of $10,000 shall receive $15,000 in shares." Dkt. 13-2 at 1. The Fintas allege that in 2021, when the five years expired, they were entitled to repurchase of their original $10,000 investment at a value of $75,000, over the 24 months between October 2021 and October 2023. *See* Dkt. 1 at 3; Dkt. 13-1 (Finta declaration). They also contend that Goldline owes them unpaid dividends and prejudgment interest. *See* Dkt. 13 at 2.

The Fintas filed this lawsuit on January 19, 2026. Dkt. 1. They filed proof of service on Goldline on February 9. Dkt. 7. On March 13, after Goldline failed to appear or otherwise defend, the Fintas moved for default. Dkt. 11. The clerk entered default on March 25. Dkt. 12. That same day, the Fintas moved for default judgment. Dkt. 13.

## III.    DISCUSSION

### A.    Legal Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. The Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. Fed. R. Civ. P. 55. In deciding motions for default judgment, courts take "the well-pleaded factual allegations in the complaint as true, except those relating to the amount of damages." *Rozario v. Richards*, 687 F. App'x 568, 569 (9th Cir. 2017) (internal citations and quotation marks omitted) (first quoting *DIRECTV, Inc. v. Hoa Huynh*, 503

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 2

F.3d 847, 854 (9th Cir. 2007); and then quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)); Fed. R. Civ. P. 8(b)(6). The court also does not accept the truth of statements in the complaint that amount to legal conclusions. *DIRECTV, Inc.*, 503 F.3d at 854. "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The "starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Courts weigh the following factors in deciding motions for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72; *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616–17 (9th Cir. 2016) (suggesting that district courts "weigh" the *Eitel* factors). District courts' decisions on motions for default judgment are discretionary. *See NewGen, LLC*, 840 F.3d at 616 ("We review . . . the grant of a default judgment for abuse of discretion.").

**B.     Jurisdiction**

Before entering a default judgment, a court must consider whether it has subject-matter jurisdiction over the claims asserted and personal jurisdiction over the defendants. *In re Tuli*, 172 F.3d at 712. "A judgment entered without personal jurisdiction over the parties is void." *Id.* "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *Id.*

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 3

The Fintas' allegations establish subject matter jurisdiction. They claim they are owed more than the minimum amount in controversy of $75,000, and they allege that they are citizens of Washington and Goldline is a citizen of California. Dkt. 1 at 2; Dkt. 13-1; *see* 28 U.S.C. § 1332(a)(1).

For personal jurisdiction, however, the allegations in the complaint fall short. "Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). "Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits." *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1113 (W.D. Wash. 2015) (citing *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wn. App. 462, 465, 975 P.2d 555 (1999)). Accordingly, "the jurisdictional analysis under state law and federal due process are the same." *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004)).

Under federal law, personal jurisdiction over a defendant satisfies due process if they "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). "[T]here are two forms that personal jurisdiction may take: general and specific." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The Fintas' complaint asserts specific jurisdiction. *See* Dkt. 1 at 2.

The Ninth Circuit applies a three-prong test to determine whether a defendant had sufficient contacts with the forum state to be subject to specific jurisdiction:

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 4

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of establishing the first two prongs. *CollegeSource, Inc.*, 653 F.3d at 1076.

The Fintas' complaint alleges purposeful availment, but the allegation is conclusory. The complaint says: "Defendants purposefully availed themselves of this forum by directing post-accrual conduct, silence, and withholding of required performance and disclosures into Washington with foreseeable effects in this District." Dkt. 1 at 2. This allegation does not contain facts that would allow the Court to meaningfully apply the purposeful availment test. It is also unclear what the Fintas mean by alleging that Goldline directed "silence" and "withholding" of performance to this state. Because the Fintas have not sufficiently established personal jurisdiction, the Court does not have the power to enter default judgment.

As the Ninth Circuit has instructed, however, when a district court raises the issue of personal jurisdiction on a motion for default judgment, it must give the moving party "notice and an opportunity to assert facts" to establish the defendant's minimum contacts with the forum. *In re Tuli*, 172 F.3d at 713. The Court will therefore deny the default judgment motion without prejudice and allow the Fintas 30 days from the filing of this Order to re-submit their motion with additional facts to establish personal jurisdiction over Goldline.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 5

## IV.   CONCLUSION

For the reasons explained above, the motion for default judgment (Dkt. 13) is DENIED without prejudice. Plaintiffs may re-file their motion with additional supporting facts no later than July 13, 2026.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING MOTION FOR DEFAULT JUDGMENT - 6