UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES FINTA; DINA FINTA,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDLINE BRANDS INC.,<br><br>Defendant. | Case No. 3:26-cv-05054-TMC<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING CASE |

## I. INTRODUCTION

Self-represented Plaintiffs James and Dina Finta seek default judgment against Defendant Goldline Brands, Inc. ("Goldline"), a California-based winery group. Dkt. 15. The Fintas, who were Goldline investors, allege that Goldline failed to honor a repurchase obligation in their investment contract. Dkt. 1 at 2–3. In their complaint, filed on January 19, 2026, they seek damages and equitable relief for breach of contract, breach of fiduciary duty, failure to provide shareholder information, and fraud. *Id.* at 4.

On March 13, the Fintas moved for default against Goldline. Dkt. 11. The Clerk entered default two weeks later (Dkt. 12) and the Fintas moved for default judgment the same day (Dkt. 13). On June 12, the Court denied the motion without prejudice, explaining that the complaint did not allege sufficient facts to establish the Court's personal jurisdiction over

Goldline. Dkt. 14. The Court allowed the Fintas to re-file the motion with additional facts to support the exercise of personal jurisdiction. *Id.* at 6. On June 29, the Fintas filed a renewed motion for default judgment along with a supplemental brief and exhibits addressing the jurisdictional issue. Dkt. 15.

Because the additional facts in the Fintas' renewed motion do not establish the Court's personal jurisdiction over Goldline, the Court DENIES the renewed motion for default judgment (Dkt. 15) and DISMISSES this case without prejudice.

## II. LEGAL STANDARD

Before entering a default judgment, a court must consider whether it has subject-matter jurisdiction over the claims asserted and personal jurisdiction over the defendants. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "A judgment entered without personal jurisdiction over the parties is void." *Id.* "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *Id.*

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citing Fed. R. Civ. P. 4(k)(1)(A)). "Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits." *Microsoft Corp. v. Commc'ns & Data Sys. Consultants, Inc.*, 127 F. Supp. 3d 1107, 1113 (W.D. Wash. 2015) (citing *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 95 Wn. App. 462, 465, 975 P.2d 555 (1999)). Accordingly, "the jurisdictional analysis under state law and federal due process are the same." *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004)).

Under federal law, personal jurisdiction over a defendant satisfies due process if they "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). "[T]here are two forms that personal jurisdiction may take: general and specific." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The Fintas' complaint asserts specific jurisdiction. *See* Dkt. 1 at 2.

The Ninth Circuit applies a three-prong test to determine whether an out-of-state defendant had sufficient contacts with the forum state to be subject to specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1161–62 (9th Cir. 2023) (quoting *Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden of establishing the first two prongs. *CollegeSource, Inc.*, 653 F.3d at 1076.

The first prong "incorporates two distinct concepts—'purposeful direction' and 'purposeful availment.'" *Davis*, 71 F.4th at 1162. A defendant has purposefully directed activities toward a forum state if they "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 1162–63 (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006)). Purposeful availment exists when a defendant "deliberately reached out beyond [its] home—by, for example, exploiting a market in the forum

State or entering a contractual relationship centered there." *Id.* at 1163 (alteration in original) (quoting *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023)).

## III. DISCUSSION

At the time that the Fintas entered into the investment contract with Goldline, they were residents of California. Dkt. 1 at 2; Dkt. 15 at 2. Six months later, they moved to Washington, where they currently reside. Dkt. 15-1 ¶ 2. The Fintas argue that Goldline purposefully availed itself of Washington law through "affirmative Washington-directed conduct, including its investor communications, financial disclosures, investor-benefit shipments, and transmission of corporate documents to Plaintiffs while they resided in Washington." Dkt. 15 at 2, 7. They attach copies of email communications from Goldline, including order invoices bearing the Fintas' Washington address. *See, e.g.*, Dkts. 15-2, 15-4. The Fintas do not contend that Goldline communicated with or sent inventory to any other Washington investors or customers. *See* Dkt. 15 at 7.

The Fintas have demonstrated neither purposeful availment nor purposeful direction. The Supreme Court has explained that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 286 (2014); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). In other words, a defendant must have "[its] own affiliation with the State." *Walden*, 571 U.S. at 277. The Ninth Circuit has further clarified that "remote actions taken to service a contract in the forum state seldom lead to purposeful availment by themselves." *Davis*, 71 F.4th at 1165; *see also Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (concluding that allegations that a law firm "accepted payment from a California bank, made phone calls and sent

letters to California" were insufficient to establish the law firm's purposeful availment in California).

Here, the Fintas allege only that Goldline communicated with them and sent items to their Washington address in service of a preexisting contractual relationship formed while they were residents of California. Nothing in the investment agreement's "negotiations, its terms, its contemplated future consequences, and the parties' actual course of dealing" demonstrates that Goldline "formed a substantial connection with" Washington in any way. *Davis*, 71 F.4th at 1163. And Goldline's activities, which were directed only at the Fintas, are only incidentally related to Washington rather than "expressly aimed at the forum state." *See id.* Put simply, the Fintas' "unilateral" decision to move to Washington is not enough to hale Goldline into federal court in Washington. *Walden*, 571 U.S. at 284 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

## IV. CONCLUSION

Because the Fintas have not alleged sufficient facts to establish personal jurisdiction over Goldline, the Court DENIES the renewed motion for default judgment (Dkt. 15). Moreover, because the Court has already granted the Fintas leave to amend and re-file their default judgment motion, the Court declines to sua sponte grant further leave to amend and DISMISSES this case without prejudice. *See Gulliver's Tavern, Inc. v. Foxy Lady Inc.*, No. 3:23-CV-05027-TMC, 2024 WL 3992483, at *9 (W.D. Wash. Aug. 29, 2024) (collecting cases), *aff'd*, No. 24-5629, 2026 WL 915497 (9th Cir. Apr. 3, 2026).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of September, 2026.

Tiffany M. Cartwright
United States District Judge